UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAYNE AUCOIN                                                  CIVIL ACTION

VERSUS

EMANUEL ELLIS, ET AL.                       NO.: 16-00064-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 18)**, and the **Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 19)** filed by Lieutenant Emanuel Ellis and Sergeant Jesse Dunn ("Defendants"). In the Motion to Dismiss, Defendants seek to dismiss any claims brought against them in their official capacities under Fed. R. Civ. P. 12(b)(1). (Doc. 18-1 at p. 2). In the Partial Motion for Summary Judgment, Defendants seek to dismiss several claims because Plaintiff has not exhausted his administrative remedies and on the basis that verbal threats alone do not give rise to a constitutional violation. (Doc. 19-2 at pp. 2, 6-7). Plaintiff filed oppositions, (Docs. 20, 32), Defendant filed a reply, (Doc. 34), and Plaintiff filed a sur-opposition, (Doc. 29), where applicable. For reasons explained fully herein, the **Motion to Dismiss (Doc. 18)** is **DENIED**, and the **Motion for Partial Summary Judgment (Doc. 19)** is **GRANTED IN PART AND DENIED IN PART**.

1

## I. BACKGROUND

Layne Aucoin ("Plaintiff") is an inmate at the Dixon Correctional Institute in Jackson, Louisiana. (Doc. 1 at p. 2). He alleges that on February 26, 2015, Lieutenant Ellis placed him in restraints, removed him from his cell, and then beat him. *Id.* at ¶¶ 7-9. Plaintiff further alleges that Sergeant Dunn stood by and watched and praised Lieutenant Ellis for beating him. *Id.* Plaintiff claims that he suffered a black eye, busted lip, marks on his neck and stomach, and bruised ribs from the beating. *Id.* at ¶ 9. He further alleges that he has permanent damage to his right eye, and that he continues to spit up blood as a result of being beaten. *Id.* at ¶ 13.

The Dixon Correctional Institute, like all Louisiana prisons, has a two-step administrative grievance process to address prisoner complaints. La. Admin. Code. Tit. 22, § 325(F)(3)(a)(iii). At step one, a prisoner must file a request for an administrative remedy or write a letter to the warden, setting out the basis for the claim, and the relief sought. § 325(G)(1)(a)(i). These letters "should be as brief as possible," but "should present as many facts as possible to answer all questions (who, what, when, where and how) concerning the incident." § 325(G)(1)(a)(iii).

A screening officer then notifies the prisoner about whether the grievance will be processed, or rejected as a result of a procedural rule violation. § 325(I)(1). Once accepted, the warden must reply to the grievance within forty days. § 325(J)(1)(a). If a prisoner is not satisfied with the response, they may proceed to step two and appeal the warden's decision to the Secretary of the Department of Public Safety and

Corrections. § 325(J)(1)(b)(i). A final decision must be made by the Secretary within forty-five days. § 325(J)(1)(b)(ii).

Plaintiff alleges that after filing a grievance about the alleged beating, Lieutenant Ellis made racist statements toward him on April 17, 2015. (Doc. 1 at ¶ 14). In response to the alleged racist statements, Plaintiff alleges that he filed another grievance.[1] *Id.* Plaintiff also claims that on June 23, 2015, in further retaliation for filing grievances, Sergeant Dunn told him that he "could turn his six months into 7 years by putting false charges on him" and Lieutenant Ellis threatened to knock the rest of his teeth out. *Id.* at ¶ 15. Plaintiff avers that he filed another grievance based on these threats. *Id.*

On February 1, 2016, Plaintiff brought suit against Lieutenant Ellis and Sergeant Dunn under 42 U.S.C. § 1983 alleging that Defendants used corporal punishment and excessive force in violation of the Fourth and Eighth Amendment of the U.S. Constitution, and that Defendants retaliated against him for filing prison grievances in violation of the Fourteenth Amendment. (Doc. 1 at ¶ 35). Plaintiff also seeks attorney's fees and costs under § 1988 and punitive damages under § 1983. *Id.*

## II. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (per curiam). "A claim may not be dismissed unless it appears certain

---

[1] Plaintiff does not allege the specific dates that he filed these grievances.

that the plaintiff cannot prove any set of facts that would entitle him to legal relief." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (en banc). This Court "take[s] the well-pled factual allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

The party asserting federal jurisdiction bears the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a district court finds that it lacks subject-matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam); *Aucoin v. Cupil*, No. 16-CV-00373, 2017 WL 3633449, at *1 (M.D. La. Aug. 22, 2017).

### B. Discussion

Defendants argue that they are entitled to Eleventh Amendment sovereign immunity insofar as Plaintiff sued them in their official, as opposed to individual, capacity. (Doc. 18-1 at pp. 1-2). Plaintiff maintains that he has only sued Defendants in an individual capacity, and not in an official capacity. (Doc. 20 at p. 1). "Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). A § 1983 suit against a state official in his official capacity is treated as a suit against the state. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, if Plaintiff sued Defendants in their official capacity, the suit would be barred by sovereign immunity,

4

and dismissal would be proper. Where it is unclear in which capacity a defendant is sued, courts may look to the "course of proceedings" for clarification. *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402–03 (5th Cir. 2004); *see also Graham*, 473 U.S. at 167 n.14 ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. The course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed.").

Here, the "course of proceedings" indicate that Plaintiff sued Defendants in an individual, and not official capacity. *See United States ex rel. Adrian*, 363 F.3d at 402. Plaintiff's Memorandum in Opposition to the Motion to Dismiss clarifies that he is pursuing claims against the Defendants in their personal capacities only. (Doc. 20 at p. 1). Moreover, Plaintiff has not alleged a "policy or custom" as would be necessary to maintain a suit against the state. *See Hafer*, 502 U.S. at 25. Plaintiff also seeks punitive damages under § 1983, (Doc. 13 at ¶¶ 34), which are not available in official-capacity suits. *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014). Thus, the Court finds that Defendants were sued in their individual capacities, and sovereign immunity does not bar the claims against them.[2] Thus, Defendants' Motion to Dismiss is denied.

---

[2] This Court, however, notes the Supreme Court's admonishment that "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." *Hafer*, 502 U.S. at 24 n.* (quoting *Melo v. Hafer*, 912 F.2d 628, 636 n.7 (3d Cir. 1990)).

## III. MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263. On the other hand, the non-movant's burden is not satisfied merely upon a showing of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

**B. Discussion**

Defendants move for partial summary judgment on two grounds. First, they argue that Plaintiff failed to exhaust his administrative remedies. (Doc. 19-2 at p. 2). Second, they argue that Plaintiff's claims that Defendants threatened him should be dismissed because threats alone are not actionable under § 1983. (19-2 at pp. 6-7).

### 1. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") prohibits suits under § 1983 by prisoners until "such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The purpose of the exhaustion requirement is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to encourage the efficient resolution of claims. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Failure to exhaust is an affirmative defense

7

under the PLRA. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). As an affirmative defense, the Defendants bear the burden of demonstrating that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Catrett*, 477 U.S. at 325.

Here, Plaintiff's suit is based on three separate events: (1) the February 26, 2015, alleged beating; (2) the April 17, 2015, alleged racist's statements made by Lieutenant Ellis in retaliation for Plaintiff's previously filed grievance; and (3) the June 23, 2015, alleged retaliatory statements made by Sergeant Dunn and Lieutenant Ellis in retaliation for Plaintiff's previously filed grievance.[3] Plaintiff must exhaust his administrative remedies for each event.

### i. February 26, 2015 – Defendants Allegedly Beat Plaintiff.

Defendants argue that Plaintiff failed to exhaust his administrative remedies for the February 26, 2015, alleged beating because Plaintiff's grievance was not detailed enough. (Doc. 19-2 at p. 6). Specifically, Defendants assert that Plaintiff did not sufficiently describe what happened as required by the administrative code and regulations. (Doc. 19-2 at p. 5). The regulations at issue provide that grievances "should be as brief as possible. Offenders should present as many facts as possible to answer all questions (who, what, when, where and how) concerning the incident." § 325(G)(1)(a)(iii).

---

[3] Plaintiff's Complaint also references a July, 7, 2015, event where Lieutenant Ellis allegedly maced Plaintiff and took his property. (Doc. 1 at ¶ 17-19). The Complaint states that Plaintiff has not exhausted his administrative remedies for this event and Plaintiff reserves the right to bring a separate suit or to join these events to the instant action. *Id.* at ¶ 19. The Court will therefore disregard any allegations relating to the July 7, 2015, events.

Here, Defendant filed a grievance, which explained that he was beaten by Lieutenant Ellis, as well as threatened by other officers, and Plaintiff also described the nature of his injuries. (Doc. 19-5 at p. 5). This was enough to describe the "(who, what, when, where and how) concerning the incident," as required under Louisiana law. *See* § 325(G)(1)(a) (iii). Indeed, his grievance was initially denied at step one not because it lacked sufficient detail, but because there was nothing to corroborate his claim. (Doc. 19-5 at p. 3). In addition to properly describing the alleged incident, Plaintiff exhausted both steps of the prison grievance process. He filed a grievance that was denied at step one on April 4, 2015, and it was denied at step two on July 27, 2015. (Doc. 19-5 at p. 2). Plaintiff thus properly exhausted his administrative remedies for the February 26, 2015, alleged beating.

### ii. April 17, 2015 and June 23, 2015 – Defendants Allegedly Make Retaliatory Statements to Plaintiff.

Defendants argue that Plaintiff failed to exhaust his administrative remedies for Lieutenant Ellis' alleged retaliatory racist statements on April 17, 2015, or for Lieutenant Ellis and Sergeant Dunn's alleged retaliatory threats to Plaintiff on June 23, 2015. (Doc. 19-2 at p 2). Defendants also argue that verbal threats or abuse alone, even if true, do not constitute a constitutional violation. (Doc. 19-2 at pp. 6-7). Because Defendants argue that the Complaint itself fails to state a claim, the Court will construe this part of its Motion for Summary Judgment as a motion to dismiss. Indeed, the U.S. Court of Appeals for the Fifth Circuit has noted that "[w]e have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers*, LLP, 404 F.3d 933,

936 (5th Cir. 2005); *see also Willis v. Gen. Motors Corp.*, No. 04-CV-1271, 2005 WL 3742792, at *6 (N.D. Tex. Nov. 17, 2005) (construing a motion for summary judgment as a motion to dismiss).

To establish a claim of retaliation under § 1983, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The Fifth Circuit has held that "as a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.'" *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okl. 1977)). In *Brown v. Craven*, the court held that a prisoner did not state a claim for relief under § 1983 by alleging that a correctional officer made threatening remarks to him in retaliation for filing a grievance. 106 F. App'x 257, 259 (5th Cir. 2004).

Likewise, Plaintiff fails to allege sufficient facts to give rise to a claim for relief under § 1983 because he only alleges that Defendants made threatening statements to him. Specifically, Plaintiff alleges that on April 17, 2015, Lieutenant Ellis made racist statements toward him and that on June 23, 2015, Sergeant Dunn told Plaintiff that "he could turn his six months into 7 years by putting false charges on him" and Lieutenant Ellis added that he would "knock the rest of [Plaintiff's] teeth [out] and put a false charge on him." (Doc. 1 at ¶ 15). Even if the Court accepts these allegations as true, they are not enough to state a claim for relief under § 1983

because they are only verbal threats. Therefore the Court must dismiss all of Plaintiff's claims related to alleged retaliatory statements made on April 17, 2015 and June 23, 2015.[4] As such, the Court need not address whether the Plaintiff failed to exhaust his administrative remedies for these alleged events.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 18)** filed by Defendants is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Doc. 19) is GRANTED IN PART AND DENIED IN PART**.

Baton Rouge, Louisiana, this 6th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[4] Plaintiff's Complaint identifies state statutes and regulations, and Plaintiff claims these preclude the use of corporal punishment on prisoners. (Doc. 1 at ¶ 22-25, 36). However, an alleged violation of a state law, regulation or procedure is not cognizable under § 1983. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights.").