UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LAYNE AUCOIN | CIVIL ACTION |
|---|---|
| VERSUS | |
| LT. EMANUEL ELLIS AND SERGEANT KELVIN DUNN | NO.:16-CV-00064-BAJ-EWD |

## RULING AND ORDER

Before the Court is Defendants' unopposed **Motion for Summary Judgement (Doc. 73)**. Plaintiff filed an **Opposition to Defendants' Motion for Summary Judgment (Doc. 77)**. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons stated below, Defendants' motion is **DENIED**.

I. FACTUAL BACKGROUND

Layne Aucoin ("Plaintiff") brings claim under 42 U.S.C. § 1983 for alleged violations of his civil rights while in the custody of the Dixon Correctional Institute. (Doc. 1 at p. 8). Plaintiff alleges that on February 26, 2015, he was placed in restraints and removed from his cell block and into the lobby of the prison by Lt. Emanuel Ellis ("Lt. Ellis"). (Doc. 1 at ¶ 1). Plaintiff asserts that once he was in the lobby, Lt. Ellis ordered Sgt. Franklin, Sgt. Jesse Dunn ("Sgt. Dunn"), and a "trustee priest"[1] to clear the lobby. (*Id.* at ¶ 8). Plaintiff alleges that while he was in restraints,

---

[1] Plaintiff does not describe the position of "trustee priest" nor is the court aware of any such position.

1

Lt. Ellis beat him, causing multiple bruises, a black eye, a cut lip, and other injuries. (*Id.* at ¶ 9). Plaintiff further claims that Sgt. Dunn observed the beating without attempting to stop it, and then praised Lt. Ellis for the alleged beating. (*Id.* at ¶ 11). Plaintiff alleges that he has permanent damage to his right eye that causes blurred vision and that the pupil of his right eye is permanently larger than that of his left eye. (*Id.* at ¶ 13).

Plaintiff further alleges that as a result of having filed a grievance under the prison's administrative remedy procedure ("ARP"), Lt. Ellis made racist comments toward him, for which Plaintiff filed another ARP grievance. (*Id.* at ¶ 14). Plaintiff claims that in further retaliation for filing the two previous ARPs, Sgt. Dunn came to Plaintiff's cell and threatened to "turn his six months into seven years" by making false allegations against him. (*Id.* at ¶ 15). In that same interaction, Plaintiff claims that Lt. Ellis threatened to physically assault Plaintiff again. (*Id.*). Plaintiff filed another ARP as a result of the interaction. (*Id.* at ¶ 16).

Plaintiff claims that on July 7, 2015, in retaliation for the three ARPs that he previously filed, Lt. Ellis removed Plaintiff from his cell, brought him to the shower area, maced him three times, took away Plaintiff's clothes and mattress for four hours, and would not allow Plaintiff to shower for two days. (*Id.* at ¶¶ 17,18). Plaintiff filed yet another ARP against Lt. Ellis for the foregoing incident. (*Id.* at ¶ 19).

Defendants allege that on the date of the initial incident, they were conducting a random search of various cells. (Doc. 73-1 at p. 2). Defendants claim they removed both Plaintiff and his cell mate from their cell so that it could be searched, but that

at the encouragement of other inmates, Plaintiff made "loud verbal disturbances" and began to walk toward the door to the lobby. (*Id.*). Defendants aver that at the door to the lobby, Plaintiff was stopped by Lt. Ellis and was allowed to proceed no further until the search was complete. (*Id.*). After the search was completed, Defendants claim that Plaintiff was returned to his cell without incident. (*Id.*). Defendants assert that it was only until approximately one hour later when Defendants noticed that Plaintiff had injuries on his face. (*Id.*). Defendants claim that Sgt. Dunn inquired as to the source of the injuries, whereupon Plaintiff's cellmate answered that Plaintiff had caused the injuries to himself. (*Id.* at p. 3). Defendants further alleged that Plaintiff has a history of self-harm and self-mutilation, and that he has been diagnosed with bipolar disorder and schizophrenia (Doc. 73-2 at ¶¶ 11, 12). In their motion for summary judgement, Defendants do not directly address the other incidents that Plaintiff claims to have occurred.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all

reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994)). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### III. ARGUMENTS

Defendants first argue that Plaintiff cannot establish the elements of a claim for excessive force. Defendants argue that use of force is excessive only when it is not applied in an effort to maintain and restore discipline, but is used maliciously and sadistically to cause harm. (Doc. 73-1 at p. 5). Defendants claim, without citing legal

authority, that courts evaluate the following factors when addressing excessive force claims:

1.) The need for force,
2.) Whether the amount of force used was reasonable given the need,
3.) How serious the need for force appeared to the guards,
4.) Whether the guard made efforts to use as little force as necessary, and
5.) How badly the inmate was injured. (*Id.*).

Again, without any precedential citation, Defendants make the claim that in excessive force claims, "it is important" for the inmate to establish the state of mind of the prison officials, and that only "unnecessary and wanton" infliction of pain is actionable in an Eighth Amendment claim. (*Id.*). Defendants attempt to establish that in some circumstances, use of force against a prisoner is not an Eighth Amendment violation. Defendants cite *Brown v. Lippard* 472 F.3d 384 (5th Cir. 2006) to establish that that a prisoner being stricken while he was handcuffed in a kneeling position was a violation of that prisoner's Eighth Amendment rights. Defendants contrast *Brown* with *Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 2001), which establishes that a prisoner shot in the neck did not have an Eigth Amendment claim during a prison riot, as the officer was attempting to maintain order.

Defendants argue that the evidence produced thus far establishes that Plaintiff was not beaten while restrained, and that he did not suffer a black eye, cut lip, marks on his neck and stomach, or bruised ribs. (73-1 at p. 7). Defendants argue that under 42 U.S.C. 1997e(e), Plaintiff is required to establish physical injury to obtain monetary damages. (*Id.*). Defendants contend that the only injuries established were swelling and bruising of Plaintiff's right eye, as noted by Dr. Robert

5

Cleveland in Plaintiff's medical records. Defendants also assert that Dr. Cleveland did not note any blurry vision or redness. (*Id.*). At a second examination, Defendants claim Dr. Cleveland noted that there was redness and mild edema to the eye, but that there were no vision issues and that Plaintiff was able to open his eyes without difficulty. Defendants claim that on March 17, 2015 Plaintiff underwent an x-ray procedure of his abdomen and chest, the result of which found no injuries. (*Id.*). Finally, in relation to Plaintiff's alleged injuries, Defendants implore the court to consider Plaintiff's history of self-harm and other mental health issues. (*Id.* at pp. 7-8).

Defendants also argue that they are entitled to qualified immunity, and argue that their conduct did not violate Plaintiff's constitutional rights. (*Id.* at pp. 10, 11). Defendants refer specifically to what they consider to be a lack of medical evidence establishing that Plaintiff was ever injured. Defendants argue that because Plaintiff cannot establish any injury other than "redness around the eye," Defendants must prevail on summary judgment.

Defendants also argue that even if Plaintiff can establish the first criteria, Plaintiff cannot establish that any such violation was considered contrary to established law. Defendants argue that they acted in an objectively reasonable manner (*Id.*). Defendants classify their behavior as "preventing an unruly Plaintiff from leaving tier and causing further disturbance (sic)." (*Id.* at 12.). Defendants urge that the evidence precludes a finding of any wrongdoing committed by Defendants and entitles them to summary judgment. (*Id.*).

## IV. LEGAL ANALYSIS

### A. Plaintiff's Excessive Force Claims

Defendants allege that Plaintiff cannot establish a *prima facie* case for excessive force. Defendants' primary argument seems to be that if Defendants' use of force is not unnecessary or excessive, or if the *de minimis* force used is not "repugnant to the conscience of mankind," then they cannot be held liable for an Eighth Amendment violation. (Doc. 73-1 at p. 6). The Supreme Court of the United States of America has held that the Eighth Amendment is violated where the use of force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) *(quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

Furthermore, the United States Court of Appeals for the Fifth Circuit has held that the Eighth Amendment is violated in the context of allegations of "deliberate indifference" when (1) an inmate experiences objective exposure to a substantial risk of serious harm, and (2) prison officials act or fail to act with deliberate indifference to that risk. *Gobert v. Caldwell,* 463 F.3d 339, 345-346 (5th Cir. 2006).

Defendants' arguments center around the claim that while force was used, it was only enough force necessary to stop Plaintiff from leaving the tier. Defendants erroneously assume, however, that the record establishes that use of any force was necessary *at all*. Plaintiff claims that Defendant Ellis struck him while he was fully restrained and not resisting. Plaintiff also asserts that Defendant Dunn watched idly as the beating occurred. Further, Plaintiff claims that the officers took measures to

7

minimize potential witnesses. There is no evidence on this record that establishes Plaintiff's or Defendants' version of events with the degree of certainty required for this Court to come to a conclusive determination on summary judgment. Indeed, on a motion for summary judgment, the Court must assume all inferences in favor of the non-moving party. *Int'l Shortstop, Inc.*, 939 F.2d at 1263. Here, when the court makes all inferences in favor of Plaintiff, there remains issues of fact surrounding whether Plaintiff was restrained at the time of his injuries, or if he was attempting to enter a prohibited area of the prison.

When the Court makes all inferences in favor of Plaintiff, striking a non-resisting prisoner would be "repugnant to the conscience of mankind" and would be "applied maliciously and sadistically for the very purpose of causing harm." Even if the Court were to accept Defendants' argument that Plaintiff's injuries were the result of *de minimis* force exerted by Defendants, such force could still be "repugnant to the conscience of mankind" if Plaintiff was fully restrained when such injuries occurred. Furthermore, the Court finds that an officer who stands by while another officer strikes a restrained prisoner could have subjected the prisoner to a great risk of harm, and the failure to act may have been an act in gross indifference to Plaintiff's wellbeing, establishing the criteria set forth in *Gobert* for a claim of deliberate indifference.

Finally, while the degree of Plaintiff's injuries is disputed, it is clear that Plaintiff did receive *some* injuries, as established by Plaintiff's medical reports, which are referenced by Defendants. Nowhere in the record is the source of Plaintiff's

injuries or their severity conclusively established. Plaintiff claims his injuries were quite severe, whereas Defendants disagree, and cite to Plaintiff's medical records. When making inferences in Plaintiff's favor, however, the Court finds that Plaintiff has raised sufficient arguments concerning the origin, nature, and extent of his injuries such that this matter cannot not be determined by the Court on summary judgment. Thus, Defendants' motion for summary judgment on the grounds that Plaintiff failed to establish that he was subjected to unnecessary force by Defendant Ellis and that Defendant Dunn and Defendant Ellis acted with deliberate indifference towards Plaintiff's safety is DENIED.

**B.   Defendants are not Entitled to Qualified Immunity on Summary Judgment**

Courts have employed a two-step process for determining whether the qualified immunity defense is applicable in a given case. *Lindbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004). The Court must consider whether certain constitutional rights were violated. *Id.* Afterwards, the Court must consider whether the rights allegedly violated by Defendants were clearly established. *Id.* Further, once qualified immunity is asserted, the summary judgment burden of proof is shifted to Plaintiff, who must "rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct. *Gates v. Tex. Dep't. of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).

### *1. Plaintiff Can Establish that His Eighth Amendment Rights Were Violated*

As previously noted, the Court has found that there exist significant issues of material fact concerning whether Plaintiff was immobilized when he was injured, the severity of Plaintiff's injuries, and the degree to which Defendants were responsible for Plaintiff's injuries. Striking a prisoner while the prisoner is restrained and not resisting would be an "unnecessary and wanton infliction of pain," in violation of the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 319 (1986) (*quoting Ingraham v. Wright,* 430 U.S. 651, 670 (1977)). Therefore, for the purposes of qualified immunity, the Court has determined that Plaintiff has successfully raised issues of material fact regarding whether Defendants violated his Eighth Amendment. Defendants have not established the first criteria for qualified immunity.

### *2. Plaintiff Can Establish that Defendants' Actions Were Unreasonable Under Clearly Established Law*

To defeat Defendants' claim of qualified immunity, Plaintiff must also show that Defendants actions were objectively unreasonable under clearly established law. *Lindbrugger,* 363 F.3d at 540. The Fifth Circuit has explained that the touchstone of the inquiry under the second prong of the qualified immunity analysis is "whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. City of Corpus Christi,* 202 F.3d 730, 736 (5th Cir. 2000) (citation omitted). Thus, "[e]ven law enforcement officials who reasonably but mistakenly [commit a constitutional violation] are entitled to immunity." *Id.* (*quoting*

*Hunter v. Bryant* 502 U.S. 224, 227 (1991)). As previously noted, Plaintiff has presented the argument that he was unjustifiably beaten while restrained and that he was acting in compliance with Defendants' orders. He has also demonstrated that Defendants may have taken active measures to ensure that no one witnessed the altercation. These facts, taken as true, establish that Defendants' actions were not objectively reasonable in light of clearly established law. Further, on this record, Defendants have not provided any evidence that conclusively refutes Plaintiff's allegations. Accordingly, the Court finds that Defendants are not entitled to qualified immunity as a matter of summary judgment.

V. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that **Defendants' Motion for Summary Judgement (Doc. 73)** is **DENIED.**

Baton Rouge, Louisiana, this 25th day of February, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA